VICKSBURG BANK *v.* F. W. LITTLE, USE, ETC.

1. INDEMNIFYING BOND. *Action thereon. Title to property acquired after seizure.*
   The obligors in an indemnifying bond are liable in damages at the suit of
   a third person whose property is sold under attachment proceedings,
   although another than the defendant in attachment owned the property
   when seized and the plaintiff acquired title from such person between
   the time of seizure and sale, while the officer had possession.

2. SAME. *Goods of third person sold under attachment.*
   A third person who elects not to interpose a claim for goods seized in an
   attachment suit is not prejudiced by a condemnation and sale of the
   same, but may recover on an indemnifying bond taken therein for the
   conversion of his property.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

On January 21, 1885, Philip Gilbert, a merchant of Vicksburg,
being indebted to various persons, sold and delivered to certain of
his creditors a stock of goods. On the 23d of January other
creditors sued out an attachment against him, which was levied
upon these goods. The officer, being informed at the time that
they were not the property of the defendant, demanded and received
from the plaintiffs in the attachment an indemnifying bond, which
was in the usual form under the statute, conditioned to save harm-
less the officer against all damages, and to " pay and satisfy to any
person claiming title to said property all damages which said person
may sustain in consequence of such seizure or sale," etc. Appel-
lant, the Vicksburg Bank, became surety on the bond. After the
levy and the giving of this bond on the 10th of February, 1885,
while the goods were in the custody of the officer under the writ,
the parties who had purchased them sold the same in good faith,
for a valuable consideration, to C. Gilbert, the wife of the defendant,
who notified the sheriff of her rights, when the officer replied, that
he had a bond to protect him. She filed no claimant's affidavit and
sued out no writ of replevin for the property, but the same con-
tinued in possession of the officer. In October, 1885, judgment
was rendered in said attachment suit, sustaining the attachment and

ordering the goods to be sold to satisfy the same, and the property was so sold and the proceeds applied to the judgment.   Mrs. Gilbert was in no way a party to this proceeding.

Afterwards, on the 26th of December, 1885, she brought suit against the Vicksburg Bank, surety on the indemnifying bond, Lobe & Co., the principals, being non-residents.   On the trial the court, at the instance of the plaintiff, instructed the jury that if they believed that the goods belonged to her at and before the sale thereof under said judgment, they should find for the plaintiff the fair market value of the property at the time of the sale, with interest thereon at the rate of six per cent. per annum.

Defendant asked the court to instruct the jury, in effect, that plaintiff could not recover unless she owned the goods at the time of the *levy*, or unless a right of action growing out of the levy on the part of those who then owned them was assigned to her.   This was refused.   Verdict and judgment for plaintiff.   Defendant appeals.

It is agreed by counsel that the facts above set forth were established on the trial, and " that upon said facts the question shall alone be presented to and considered by the supreme court whether Mrs. Gilbert had the right to maintain this action on the indemnifying bond."

*S. M. Shelton,* for appellant.

1. The obligors on the bond merely take the place of the officer, for whose acts they undertake to become responsible.   Parties claiming to be injured have no greater right against the indemnitors than they would have against the officer.   *Moore* v. *Allen,* 25 Miss. 363 ; *Swain* v. *Alcorn,* 50 Ib. 320 ; *Shattuck* v. *Miller,* Ib. 386.

The question here must be solved as if the action were brought directly against the officer.   It must appear that plaintiff at the time of the injury complained of had the actual possession or the right of possession of the property taken.   *McFarland* v. *Smith,* Walker (Miss. R.), 172 ; 6 Wait's Ac. and Def., p. 101.

A similar doctrine was recently applied in the case of a mortgage.   *Gabbert* v. *Wallace,* 66 Miss. 618.   We insist on the appli-

cation of the principle here, and that under it the plaintiff has no right of action.

2. She has no right of action on account of the sale of the goods, because: (1) At the time of the sale she had no right of possession. (2) The act of the sheriff was not unlawful, as he made the sale under the order of a court of competent jurisdiction.

I concede that the sale passed no title to the property, and that the owner could maintain replevin for the same against the purchaser. But as long as the goods were in custody of the sheriff the owner could only interpose a claim. As this was not done, it was the officer's imperative duty to sell, and he is not liable for doing so in obedience to the judgment. .

Plaintiff having purchased goods in possession of the sheriff, her remedy was to interpose a claim or bring replevin against the purchaser: failing to do either, she cannot recover for a trespass committed on the property of another.

*Miller, Smith & Hirsh*, for appellee.

The language of the bond gives to appellee the right to sue, unless it can be limited by construction. This is also true of the statute which the bond follows. Code 1880, § 1775.

It is a mistake to assume that title cannot be conveyed while property is *in custodia legis*. Here plaintiff acquired title to the property before the sale. Both the letter and the reason of the statute sustain the right of action for its conversion. But for the statute and the execution of the bond under it, clearly she could sue the officer. 1 Chitty's Pl., 154.

The bond of indemnity places upon the obligors all the responsibility which at common law would rest upon the officer. It transfers to them all liability for the seizure *or* sale of the property of third persons. *Moore* v. *Allen*, 26 Miss. 363; 50 Ib. 386; Ib. 320; *Woolner* v. *Spalding*, 65 Ib. 204.

The position of counsel for appellant is untenable for two reasons: 1. Plaintiff was at the time of sale owner of the property, and therefore was entitled to possession. 2. As she was not a party to the attachment suit, the court could not adjudicate her rights.

WOODS, C. J., delivered the opinion of the court.

By written agreement of counsel in the case, the sole question to be determined by us is this, viz: is an action maintainable on the indemnifying bond sued on?

The usee was the purchaser, in good faith and for a valuable consideration, of the goods levied upon and sold in the original attachment proceedings in which the bond of indemnity was given, her purchase having been made and her title having been acquired after the levy, but before the sale, and these facts were well known by the officer holding the indemnifying bond.

Section 1754, of our code, requires any officer taking a bond of indemnity to see that it be conditioned to pay and satisfy to any person claiming title to the property levied upon all damages which such person may sustain in consequence of such seizure or sale, and the bond herein was so conditioned. That damage accrued to the usee, by reason of the sale of her property, is undeniable, and it appears to us to be wholly immaterial when the usee's title was acquired, only so it was acquired before the sale.

The usee was not a party to the original attachment proceedings, nor was she required to make herself a party thereto. She had the option of propounding her claim in that proceeding, or of pursuing any other remedy given her by law. She elected to pursue the course taken by her in the case before us, as she clearly had the right to do. At common law, the usee might have brought her action against the officer for a conversion of her goods, and the effect of our statute is to substitute the obligors in the indemnifying bond in the room of the officer.

The action is maintainable, and the judgment of the court below is, accordingly,                                              *Affirmed.*